STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of David and     }
Joyce Fifield                  }
                               }  Docket No. 198-9-00 Vtec
                               }
                               }

Decision and Order

Appellants David and Joyce Fifield appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of South Hero, denying a variance for the construction of a porch. Appellant David Fifield appeared and represented himself; the Town is represented by Paul S. Gillies, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties presented their oral arguments on the record. Upon consideration of the evidence and oral arguments, the Court finds and concludes as follows.

Appellants own a 1.5-acre parcel of property on the shore of Lake Champlain, at 55 Hochelaga Road. The parcel was created in 1970 and formerly contained a camp that was in existence prior to the adoption of zoning in South Hero. Appellants obtained a permit in 1992 to construct the present house in the footprint of the previously existing camp. The house is 30' by 28' and is set back 200 feet from the shoreline (measured from the lake at an elevation at 95.5 feet above sea level). The side setbacks are 45 feet from the northeast property line and 20 feet from the southwest property line[1]. The side setback required by the zoning regulation is 25 feet. The house as it currently exists has two sliding glass doors on the lake side of the house, each about two feet from each respective side wall, and each about five or six feet wide.

Appellants wish to add a ten-foot-wide, screened-in and roofed porch to the lake side of the structure, extending across the full 28 feet of the width of the house and thereby extending five feet into the side setback on the southwest side. All other setbacks and requirements would be met by the proposal. Appellants have applied for a variance of five feet so that the porch can extend across the entire width of the house.

Appellants do not wish to shorten the porch on one side only, to enable them to avoid the porch's encroaching into the side setback. Rather, citing reasons of symmetry, they claim it would have to be shortened by five feet on both sides, and would therefore block both sliding glass doors.

Other variances have been granted in the recent past in the Town of South Hero, including one entered in evidence regarding an addition that was given a variance to enable it to avoid the septic system and some mature trees. That other variance was not appealed and the court makes no determination of whether it would have met the variance criteria had it been appealed. Each variance application must be considered on its own merits under the Town's regulations regarding variances.

In order to qualify for a variance, Appellants must meet all five requirements of 24 V.S.A. § 4468(a), as provided in § 507.3 of the Town of South Hero Zoning Bylaw Regulations:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning regulation in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(3) That the unnecessary hardship has not been created by the appellant;

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, nor be detrimental to the public welfare; and

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the zoning regulation and from the plan.

Appellants' parcel meets only subsection four of these five provisions. It will not alter the essential character of the neighborhood or impair adjacent property. However, if it fails any one of the provisions, it fails to qualify for a variance.

Appellants' parcel has no unusual physical circumstances or conditions; rather, the hardship asserted by Appellants is due to the position of the building they built in 1992 within the side setback as allowed under their 1992 permit to replace the existing camp in that position. Not only has the property already been developed in conformity with the regulations, but it would even be possible for Appellants to put a covered porch across most of the lake end of their existing building, if they would build it five feet shorter on the southwest side. Therefore the variance is not necessary to enable the reasonable use of the property. The hardship asserted by Appellants has been created by them in that they placed the building in 1992 within the side setback, and it is their reluctance to construct a porch shorter by five feet that causes the asserted need for the variance. Finally, the requested variance does not represent the least deviation possible from the zoning regulations, as it would be possible to design a porch that meets the zoning regulations.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' application for a variance must be and it hereby is DENIED.

Dated at Barre, Vermont, this 26th day of December, 2001.

_____
Merideth Wright
Environmental Judge


## Footnotes

1. Appellants own some adjacent property, although there has been no suggestion of merger nor any evidence as to whether the adjacent property is on the side with the inadequate setback. If it is, it may be possible for Appellants to execute a boundary adjustment of the property line adjacent to and in the vicinity of the porch to render their proposal conforming with the side setback at that location. Such a proposal would make a variance unnecessary, but is beyond the scope of this appeal.